[No. 19221.   Department One.—May 3, 1894.]

## C. F. HERTWICK, RESPONDENT, v. THE CITY OF NATIONAL CITY, APPELLANT.

REVOCATION OF LICENSE TAX—ACTION TO RECOVER MONEY PAID—STATUTE OF LIMITATIONS.—Where a license to carry on a retail liquor business for a period of three months was revoked by the board of trustees of the municipality granting the license, at the expiration of one month, an action to recover the proportion of the license money paid for the unexpired term of the license is barred within two years after the right to recover the money accrued.

ID.—OBLIGATION NOT FOUNDED UPON INSTRUMENT IN WRITING.—Whatever right the plaintiff had to the repayment of the license money arose from the violation of the obligation by the defendant, if any, to permit him to transact the business licensed, and by the act of the defendant in revoking the license, and the facts that the ordinance fixing the amount of the license tax, and the application of the plaintiff for the license, and the action of the board in granting the same, and the license itself, and the notice of revocation, were all in writing, do not constitute a written obligation or instrument of writing upon which the liability charged in the complaint is founded.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*Haines & Ward,* for Appellant.

The action is conceived as upon an implied obligation for money had and received to plaintiff's use, and is in no sense upon a contract, obligation, or liability founded on an instrument of writing. (*Metropolitan Board* v. *Barrie,* 34 N. Y. 657; *People* v. *Commissioners, etc.,* 59 N. Y. 92; *People* v. *Meyers,* 95 N. Y. 223; *Fell* v. *State,* 42 Md. 71; 20 Am. Rep. 83; *Hurber* v. *Baugh,* 43

Iowa, 514; *Calder* v. *Kurby*, 5 Gray, 597; *Commonwealth* v. *Brennan*, 103 Mass. 70; *Emery* v. *Lowell*, 127 Mass. 138.) That, in a remote way, this demand may have arisen out of the transaction of granting and revoking the licenses does not render it an obligation or liability founded on an instrument in writing. (*Chipman* v. *Morrill*, 20 Cal. 130, 136, 137.) Neither is a receipt such an instrument in writing. (*Ashley* v. *Vischer*, 24 Cal. 322; 85 Am. Dec. 65.) By accepting and acting under the license plaintiff consented that it might be revoked by the board of trustees, in the exercise of its discretion, without a judicial proceeding. (*State* v. *Holmes*, 38 N. H. 225; *Schwuchow* v. *Chicago*, 68 Ill. 444.) The licenses were lawfully revoked. (*In re Bickerstaff*, 70 Cal. 35; *Hurber* v. *Baugh*, 43 Iowa, 514.)

*H. W. Talcott, Talcott & Ward*, and *E. W. Hendrick*, for Respondent.

The action is founded upon an instrument in writing. (See *Chipman* v. *Morrill*, 20 Cal. 130, 136, 137; *Louvall* v. *Gridley*, 70 Cal. 507, 510; *Osment* v. *McElrath*, 68 Cal. 468; 58 Am. Rep. 17; *Rosborough* v. *Shasta River Canal Co.*, 22 Cal. 557; *Ryer* v. *Stockwell*, 14 Cal. 134; 73 Am. Dec. 634; *Ashley* v. *Vischer*, 24 Cal. 322; 85 Am. Dec. 65; *Neighbors* v. *Simonson*, 2 Blackf. 75; *Raymond* v. *Simonson*, 4 Blackf. 75, 85.) A liquor license is a contract. (2 Parsons on Contracts, p. 704; *Freleigh* v. *State*, 8 Mo. 607; *State* v. *Hawthorne*, 9 Mo. 389; *State* v. *Sterling*, 8 Mo. 697; *State* v. *Phalen*, 3 Harr. 441.) The doctrine of implied municipal liability applies to cases where money or other property of a party is received under such circumstances that the general law, independent of express contract, imposes the obligation upon the city to do justice with respect to the same. (1 Dillon on Municipal Corporations, secs. 460, 462, and note to 462; 2 Dillon on Municipal Corporations, secs. 939, 961; *Argenti* v. *San Francisco*, 16 Cal. 255, 282; Cooley's Constitutional Limitations, p. 343, note at bottom 345 to note 3. See, generally, *Hirn* v. *State*, 1 Ohio St. 15; *City of Marshall*

v. *Snediker,* 25 Tex. 460; 78 Am. Dec. 534; *City of Gal-veston* v. *Sydnor,* 39 Tex. 236, 241; *Galveston Gas Co.* v. *County of Galveston,* 54 Tex. 292; *Galveston Co.* v. *Gorham,* 49 Tex. 279, 306.)

HARRISON, J.—The defendant passed an ordinance, September 21, 1887, requiring persons engaged in the business of selling intoxicating liquors at retail to procure a license therefor before engaging in the business, fixing the amount of the license tax at seventy-five dollars per month, and required that licenses should issue for a term of not less than three months. In March, 1888, the plaintiff applied for licenses to engage in said business in two different places within the corporate limits of the defendant, which were granted, and he paid therefor to the defendant the sum of four hundred and fifty dollars, and received licenses in the following form:

"Mr. Charles F. Hertwick, having paid into the city treasury the sum of two hundred and twenty-five dollars, is hereby authorized to keep, conduct, and carry on the retail liquor business in said city for the term of three months from March 28, 1888.

"Dated this twenty-seventh day of March, 1888.

"G. H. HANCOCK,

"City Clerk."

The plaintiff continued to carry on the business under said licenses until April 27, 1888, when the same were revoked by the board of trustees of the defendant, and the plaintiff thereupon ceased to transact said business; and on the 9th of May demanded a return of the money paid for the licenses. This payment was refused, and March 4, 1891, the plaintiff commenced this action, setting forth the above facts, and also that he had sustained certain damages resulting from the revocation of said licenses, and asking judgment against the defendant in the sum of four thousand four hundred and fifty dollars. The defendant demurred to the complaint upon the ground that the action was barred by the statute of lim-

itations, and, its demurrer having been overruled, answered the complaint. The case was tried by the court, and judgment rendered in favor of the plaintiff for the sum of two hundred and eighty-five dollars, the proportion of the license money paid by the plaintiff for the unexpired term of his licenses. From the judgment entered thereon the defendant has appealed.

The demurrer to the complaint should have been sustained. The action is for the recovery of money paid to the defendant, and for damages resulting from the alleged wrongful revocation of the licenses. The liability of the defendant, if any existed, was not founded upon an instrument of writing, and the provisions of subdivision 1 of section 339 of the Code of Civil Procedure are applicable. The facts averred in the complaint, that the ordinance fixing the amount of the license tax was in writing; that the application of the plaintiff for the licenses was in writing; that the action of the board of trustees with reference to the same was reduced to writing, and entered upon the records of the defendant; and that the license itself and the notice of its revocation were in writing, do not constitute a written obligation, or an instrument of writing upon which the liability charged in the complaint is founded. The license was only a permission to the plaintiff to transact the business specified therein, and was in no respect a contract on the part of the defendant, nor did it create any pecuniary obligation or liability on its part. The acknowledgment therein of the money paid by the plaintiff was only evidence of its payment, and of no higher grade than a mere receipt, and did not create any obligation on the part of the defendant to repay the same, or any part thereof. Whatever rights the plaintiff had to its repayment arose from the violation by the defendant of its obligation, if such obligation existed, to permit him to transact the business, and arose by the act of the defendant in revoking the licenses. This obligation was entirely distinct from the receipt of the money, and for the enforcement of these rights the plaintiff

should have commenced his action within two years after his right to recover the money accrued.

The judgment is reversed.

Garoutte, J., and Paterson, J., concurred.